**DENIED and Opinion Filed October 14, 2024**



**In the**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-24-01134-CV**
**No. 05-24-01136-CV**

**IN RE JUAN FRANCISCO TURCIOS, Relator**

**Original Proceedings from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F11-70886, F11-70896**

## MEMORANDUM OPINION

Before Justices Molberg, Carlyle, and Breedlove
Opinion by Justice Carlyle

Before the Court are relator's September 26, 2024 petitions for writ of mandamus. In his petitions, as we construe them, relator contends that the trial court accepted his plea agreement but violated it by sentencing relator to twenty years instead of the agreed ten-year sentence. Accordingly, relator seeks specific performance of his purported plea agreement.

As an initial matter, relator appealed his convictions to this court, and did not complain about the plea agreement though he was represented in that appeal by able counsel well known to this court. *Turcios v. State*, Nos. 05-12-00839 & -00840-CR, 2013 WL 5536939 (Tex. App.—Dallas Oct. 7, 2013, pet. ref'd) (mem. op. not

designated for publication). The record in those appeals demonstrates that relator entered a guilty plea and "went open" to the judge for sentencing, meaning, as his counsel explained on the record in the first half of the plea colloquy, that there was no plea agreement as to the sentence. The State did agree to drop two enhancement paragraphs in exchange for relator's guilty plea.[1] Relator acknowledged agreeing to go open to the judge because that was his only chance at receiving probation.

In any event, relator's petitions do not comply with the Texas Rules of Appellate Procedure in numerous respects. *See* TEX. R. APP. P. 52.3(a)–(d), (f)–(k); TEX. R. APP. P. 52.7(a). Thus, relator's petitions do not meet the requirements of the Texas Rules of Appellate Procedure for consideration of mandamus relief. *See In re Guillaume*, No. 05-24-00765-CV, 2024 WL 3548511, at *1 (Tex. App.—Dallas July 26, 2024, orig. proceeding) (mem. op.) (denying mandamus relief based on relator's failure to comply with several Texas Rules of Appellate Procedure).

For example, rule 52.3(k)(1)(A) requires a relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a)(1) requires the relator to file with his petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed

---

[1] We note also that this is relator's fifth mandamus petition to the court directed at the same cases and that he has filed numerous proceedings in the Court of Criminal Appeals since that court denied his original petition for writ of habeas corpus without hearing.

in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). Relator did not file with his petitions an appendix or record.

Accordingly, we deny relator's petitions.

/Cory L. Carlyle//

241134f.p05
241136f.p05

CORY L. CARLYLE
JUSTICE

–3–